UNITED STATES of America,
Appellee,

v.

Leon A. SAMUEL, Appellant.

Nos. 01–3032 & 01–3033.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 14, 2002.

Decided Aug. 6, 2002.

Mary M. Petras, appointed by the court, argued the cause and filed the briefs for appellant.

John K. Han, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Kenneth L. Wainstein, U.S. Attorney at the time the brief was filed, John R. Fisher, Mary-Patrice Brown, and Thomas C. Black, Assistant U.S. Attorneys.

Before: SENTELLE, ROGERS, and GARLAND, Circuit Judges.

Opinion for the Court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge:

The sentence imposed by the district court in this case included an upward adjustment because the defendant, Leon Samuel, committed an offense while on release for another crime. Samuel contends that this sentencing enhancement violated the rule, announced by the Supreme Court in *Apprendi v. New Jersey,* that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000). Samuel argues that his sentence contravenes *Apprendi* because the fact that he was on release at the time of the second crime was neither proved to a jury nor specified in his plea agreement.

We reject this argument and affirm the judgment of the district court.

## I

On January 22, 1998, Samuel attempted to sell crack cocaine to an undercover agent of the Drug Enforcement Administration. He was arrested and charged with conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. § 846. Samuel pled guilty to that offense on March 26, 1998, and was released pending sentencing by the district court. While on release, Samuel was again arrested on a narcotics charge. This time, the arrest followed an investigation by the Customs Service. On September 1, 1999, Samuel was taken into custody and subsequently indicted for possessing with intent to distribute 50 grams or more of cocaine, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). On July 18, 2000, Samuel pled guilty to that charge as well.

On February 22, 2001, the district court sentenced Samuel for both crimes. Although the maximum statutory sentence for a person convicted of a drug crime involving 50 grams or more of cocaine base is life imprisonment,[1] the court's application of the United States Sentencing Guidelines[2] resulted in a lower sentence. Based solely on the weight of the drugs

involved and certain applicable adjustments, Samuel's guidelines offense level would have been 31. This, together with his criminal history category of I, would have yielded a guideline sentencing range of 108–135 months. *See* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") ch. 5, pt. A. However, because Samuel committed his second offense while on release pending sentencing, Guideline § 2J1.7 ("Commission of Offense While on Release") dictated a three-level increase in his offense level, which resulted in a range of 151–188 months. The government recommended, and the court imposed, a sentence at the bottom of that range: concurrent terms of 151 months for each of his two convictions. Following the instruction of § 2J1.7, cmt. n.2, the court apportioned that total sentence as follows: 108 months for the drug crimes, plus an additional 43 months attributable to the enhancement for committing an offense while on release.[3]

At his sentencing hearing, Samuel unsuccessfully objected to the 43–month enhancement on the ground that it was barred by the Supreme Court's decision in *Apprendi*. Samuel raises the *Apprendi* claim again on appeal. Because he made the appropriate objection in the district court, we review that claim under the harmless error standard of Federal Rule of Criminal Procedure 52(a). To reverse a

---

**1.** *See* 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(iii). These provisions also provide for a mandatory minimum sentence of ten years. However, the district court found that Samuel met the criteria of 18 U.S.C. § 3553(f), which permits a court in specified circumstances to "impose a sentence pursuant to [the applicable guidelines] without regard to any statutory minimum sentence." *See also* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 5C1.2(a).

**2.** The district court used the 1998 edition of the United States Sentencing Guidelines Manual, which is the edition to which we refer in this opinion.

**3.** Note 2 of Guideline § 2J1.7 states that the sentencing court "should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement." U.S.S.G. § 2J1.7, cmt. n.2. The court must, however, "ensure that the 'total punishment' (i.e., the sentence for the offense committed while on release plus the sentence enhancement under 18 U.S.C. § 3147) is in accord with the guideline range for the offense committed while on release, as adjusted by the enhancement in this section." *Id.*

conviction under that standard, "there must be (1) error, (2) that 'affect[s] substantial rights'—i.e., that is prejudicial." *United States v. Perkins,* 161 F.3d 66, 72 (D.C.Cir.1998) (citing *United States v. Olano,* 507 U.S. 725, 731, 734, 113 S.Ct. 1770, 1777–78, 123 L.Ed.2d 508). We consider the first question, whether the district court committed constitutional error in enhancing Samuel's sentence, de novo. *See United States v. Glover,* 153 F.3d 749, 757 (D.C.Cir.1998); *United States v. Sanchez,* 269 F.3d 1250, 1272 (11th Cir.2001).[4]

## II

■ In *Apprendi v. New Jersey,* the Supreme Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.... [I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." 530 U.S. at 490, 120 S.Ct. at 2362–63 (internal quotation marks omitted); *see Ring v. Arizona,* — U.S. —, —, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002). This court and the other courts of appeals have held that *Apprendi*'s rule does not apply to offense characteristics that enhance a defendant's sentence under the Sentencing Guidelines, but that do not increase the sentence above the statutory maximum for the offense of conviction. *See United States v. Webb,* 255 F.3d 890, 896 (D.C.Cir.2001);

*United States v. Fields,* 251 F.3d 1041, 1043–44 (D.C.Cir.2001) (collecting other circuits' cases); *In re Sealed Case,* 246 F.3d 696, 698–99 (D.C.Cir.2001).[5] Samuel does not dispute that view and, just last month, the Supreme Court confirmed it. *See Harris v. United States,* — U.S. at —, —, 122 S.Ct. at 2406, 2420, 153 L.Ed.2d 524 (2002); *id.* at 2415, 2418–19 (plurality opinion of Kennedy, J.); *id.* at 2420–21 (Breyer, J., concurring).

■ Samuel contends, however, that § 2J1.7 is unlike other Sentencing Guidelines enhancements because it does not independently increase a defendant's offense level, but rather does so only by reference to the violation of another statutory provision: 18 U.S.C. § 3147. Guideline § 2J1.7 states:

> If an enhancement under 18 U.S.C. § 3147 applies, add 3 levels to the offense level for the offense committed while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release.

Section 3147, in turn, provides:

> A person convicted of an offense while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to—
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony....

18 U.S.C. § 3147. Samuel contends that, because § 2J1.7 applies only "[i]f an enhancement under 18 U.S.C. § 3147 ap-

---

**4.** In addition to his *Apprendi* argument, Samuel argued in the district court and reasserts here that, pursuant to U.S.S.G. § 3B1.2, his offense level should have been reduced by two levels because he was only a minor participant in the second offense. As we have previously said, "[t]he application of section 3B1.2 is inherently factbound and largely committed to the discretion of the trial judge." *United States v. Caballero,* 936 F.2d 1292, 1299 (D.C.Cir.1991). We have examined Samuel's

arguments and the record evidence and discern no abuse of discretion by the district court.

**5.** *See also Apprendi,* 530 U.S. at 481, 120 S.Ct. at 2358 ("We should be clear that nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute.").

plies," a district court may not apply the three-level enhancement without first finding that the defendant violated 18 U.S.C. § 3147. Such a finding, he insists, requires either a jury verdict or an express plea to having committed the offense while on release—neither of which occurred here. Samuel further contends that, as a result of the court's application of § 2J1.7, he was sentenced to 43 months more than he would have been sentenced on the drug crimes to which he did plead, and exposed to a penalty of up to 10 years more than the statutory maximum for those crimes. All of this, he argues, violates the rule of *Apprendi.*

In response to Samuel's contentions, the government first asserts that 18 U.S.C. § 3147 is not an offense at all, but merely a sentencing provision that applies to convictions for other offenses. We are not so sure. Although we have found no reported case in which the government charged a defendant with a violation of 18 U.S.C. § 3147, that section is not dissimilar in structure to 18 U.S.C. § 924(c), a provision that is often charged as a separate offense.[6] Moreover, the legislative history

of § 3147 is ambiguous as to whether the section authorizes an independent criminal offense.[7]

But whether or not Samuel could have been separately charged and convicted under 18 U.S.C. § 3147, the fact is that he was not. Both the indictment and the judgment refer only to the narcotics offenses to which Samuel pled guilty. Hence, Samuel's record does not reflect a conviction for a crime to which he neither pled nor was convicted. Instead, the district court merely sentenced him under the Sentencing Guidelines for the narcotics offenses to which he did plead, considering the fact that Samuel committed an offense while on release just as the court would have considered any other specific offense characteristic that adjusts an offense level upward. *See* U.S.S.G. ch. 2, introductory cmt. (noting that "[e]ach offense has a corresponding base offense level and may have one or more specific offense characteristics that adjust the offense level upward or downward").[8]

■ Samuel argues that Guideline § 2J1.7 is not an ordinary sentencing enhancement. Rather, because it applies

---

**6.** 18 U.S.C. § 924(c)(1)(A)(i) states:

... [A]ny person who, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm ... shall, in addition to the punishment for such crime of violence or drug trafficking crime—

(i) be sentenced to a term of imprisonment of not less than 5 years....

**7.** The Comprehensive Crime Control Act of 1984 initially enacted a version of § 3147 like that now in force, except that it provided for "a term of imprisonment of *not less than two years and* not more than ten years if the offense is a felony." Pub.L. No. 98–473, tit. II, § 203(a), 98 Stat.1976, 1983 (emphasis added). Congress simultaneously provided, however, that § 3147 would be amended by deleting the italicized phrase upon implementation of the Sentencing Guidelines. *See* Sentencing Reform Act of 1984, Pub.L. No. 98–

473, tit. II, ch. 2, §§ 222(g), 235(a)(1), 98 Stat.1987, 2028–29, 2031–32. The Senate Report states that this amendment "eliminat[es] the mandatory nature of the penalties in favor of utilizing sentencing guidelines." S.Rep. No. 98–225, at 186 (1983), 1984 U.S.C.C.A.N. 3182, 3369. Although the Sentencing Commission interprets this language as indicating that "18 U.S.C. § 3147 is an enhancement provision, rather than an offense," U.S.S.G. § 2J1.7, cmt. n.1; *see id.* at cmt. background, the language could as easily be read as authorizing a separate offense, the penalty for which is determined by the guidelines without reference to the previous two-year mandatory minimum.

**8.** *See, e.g.,* U.S.S.G. § 2D1.1(b)(1) (listing possession of a firearm as a specific offense characteristic, and increasing the offense level for drug offenses if the defendant possessed a firearm).

only "[i]f an enhancement under 18 U.S.C. § 3147 applies," Samuel contends that a predicate for a § 2J1.7 enhancement is a conviction for violating § 3147. But that view ignores the balance of the language of § 2J1.7, which directs the court to "add 3 levels to the offense level for the offense committed while on release *as if this section were a specific offense characteristic* contained in the offense guideline for the offense committed while on release." U.S.S.G. § 2J1.7 (emphasis added). Moreover, Samuel's position is contrary to the view of the Sentencing Commission, which treats "18 U.S.C. § 3147 [as] an enhancement provision, rather than an offense," and explains that Guideline § 2J1.7 merely "provides a specific offense characteristic to increase the offense level for the offense committed while on release." U.S.S.G. § 2J1.7, cmt. n.1. The Sentencing Commission's interpretation of its own guideline is binding on this court, unless that interpretation violates the Constitution or a federal statute, or is inconsistent with or

a plainly erroneous reading of the guideline. *Stinson v. United States,* 508 U.S. 36, 38, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993). None of those caveats applies.[9]

The fact that the offense characteristic at issue here—committing the offense while on release for another crime—is specified by statute does not disturb our conclusion. *See Harris,* —— U.S. at ——, 122 S.Ct. at 2419 (plurality opinion of Kennedy, J.) ("The judge may select any sentence within the range, based on facts not alleged in the indictment or proved to the jury—*even if those facts are specified by the legislature,* and even if they persuade the judge to choose a much higher sentence than he or she otherwise would have imposed." (emphasis added)); *see id.* at 2420 (Breyer, J., concurring).[10] Nor does it matter that the offense characteristic may also be treated as an independent crime.[11] To the contrary, many of the offense characteristics that enhance offense levels under the guidelines may be charged as separate crimes.[12] In *Sealed*

9. Although the Commission's interpretation of Guideline § 2J1.7 is binding on us, its view of whether 18 U.S.C. § 3147 may be charged as an independent crime is not. However, as discussed above, we do not need to decide whether § 3147 could be charged as an independent offense in order to decide this case. *See supra* note 7 and accompanying text.

10. *See also* 28 U.S.C. § 994(h) (directing the Sentencing Commission to assure that the guidelines include terms of imprisonment "at or near the maximum term authorized" for categories of defendants specified in the statute); FEDERAL CRIMINAL CODE AND RULES 1283–97 (West 2002) (collecting session laws that, inter alia, direct the Sentencing Commission to include specified sentencing enhancements in the guidelines).

11. *Cf. Witte v. United States,* 515 U.S. 389, 397, 115 S.Ct. 2199, 2205, 132 L.Ed.2d 351 (1995) (holding that when uncharged conduct is used to arrive "at a sentence within the statutorily authorized punishment range," the defendant "is punished, for double jeopardy purposes, only for the offense of which the

defendant is convicted," notwithstanding that the uncharged conduct may also constitute a distinct offense).

12. *Compare, e.g.,* U.S.S.G. § 2A2.2(b)(2)(B) (increasing the offense level for an aggravated assault if a firearm was used), *with* 18 U.S.C. § 924(c)(1)(A) (making it unlawful to use or carry a firearm during and in relation to a crime of violence); U.S.S.G. § 2B3.1(4), (5) (increasing the offense level for robbery if kidnapping or carjacking was involved), *with* 18 U.S.C. § 1201 (defining the offense of kidnapping), *and id.* § 2119 (defining the offense of carjacking); U.S.S.G. § 3A1.2(b) (increasing the offense level for any offense if the defendant assaulted a law enforcement officer during the offense), *with* 18 U.S.C. § 111 (making it an offense to assault a government officer); U.S.S.G. § 3B1.1 (increasing the offense level for any offense if the defendant was an organizer or leader of a criminal activity that involved five or more participants), *with* 18 U.S.C. § 371 (criminalizing conspiracy to commit any offense against the United States); U.S.S.G. § 3C1.1 (increasing the offense level for any offense if the defen-

*Case*, for example, the defendant pled guilty to unlawful possession of a firearm, and the district court enhanced the sentence (under U.S.S.G. § 2K2.1(b)) after finding that the defendant had threatened to shoot someone with that firearm. 246 F.3d at 697–98. Although we noted that the threat was "a separate felony," we nonetheless held *Apprendi* inapplicable to the enhancement of the underlying offense. *Id.*

Finally, contrary to Samuel's contention, the district court's application of § 2J1.7 neither increased his sentence above the statutory maximum for the drug offenses to which he pled guilty, nor exposed him to the possibility of such an increase. The former point is obvious, as Samuel's actual sentence of 108 months was considerably lower than the statutory maximum sentence of life imprisonment applicable to each drug offense. The latter point is equally obvious, as application of Guideline § 2J1.7 could not have exposed Samuel to a sentence greater than life in prison, as there is no greater sentence (other than capital punishment) in the federal system.[13] Thus, the impact of § 2J1.7 was limited to determining where, within that statutory maximum, Samuel should be sentenced.

■ Moreover, this limit upon § 2J1.7 applies not only to defendants like Samuel, whose underlying offenses carry maximum sentences of life, but also to defendants whose offenses of conviction carry substantially lower statutory maxima. Under the Sentencing Guidelines, a court may impose a sentence anywhere within the applicable guideline range, "provided that the sentence . . . is not greater than the statutorily authorized maximum sentence." U.S.S.G. § 5G1.1; *see Fields*, 251 F.3d at 1046. The government contends, and we agree, that this limit applies even though 18 U.S.C. § 3147(1) states that a person convicted of an offense while on release "shall be sentenced, *in addition to* the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years" (emphasis added). Where a defendant has not been separately convicted of an offense under § 3147, but instead has merely had his offense level increased under Guideline § 2J1.7, the Sentencing Guidelines decree that the maximum term to which he may be sentenced is the maximum authorized for the underlying offense. *See* U.S.S.G. § 5G1.1; *see also id.* § 2J1.7, cmt. background ("This guideline is drafted to enable the court to determine and implement a combined 'total punishment' consistent with the overall structure of the guidelines. . . ."). Accordingly, application of § 2J1.7 can neither increase a defendant's sentence above the statutory maximum for the offense of conviction, nor expose him to the possibility of such an increase.

For the foregoing reasons, we conclude that the district court did not commit *Apprendi* error when it enhanced Samuel's sentence because he committed the second of his narcotics offenses while he was on release for the first. In reaching that conclusion, we note that we are in accord

---

dant obstructed justice during the course of the prosecution of the offense), *with* 18 U.S.C. § 1512(b) (making it an offense to obstruct official proceedings).

**13.** Samuel contends that, as a consequence of 18 U.S.C. § 3147, he was exposed to a sentence of life plus 10 years, rather than merely to the statutory maximum of life. However, because Congress has abolished parole for federal prisoners, *see* Sentencing Reform Act § 218, 98 Stat. at 2027, neither we nor the government can discern any difference between a sentence of life and a sentence of life plus 10 years—even if some trial judges have included such sentences in their judgments. Nor does Samuel suggest any difference, other than to speculate that someday Congress may pass a statute that differentiates between the two.

with the other circuits that have addressed the question. *See United States v. Randall*, 287 F.3d 27, 30–31 (1st Cir.2002); *United States v. Ellis*, 241 F.3d 1096, 1104 (9th Cir.2001); *see also United States v. Parolin*, 239 F.3d 922, 930 (7th Cir.2001) (on review for plain error).

We further note that, even if the enhancement of Samuel's sentence were error under *Apprendi*, it would at most be harmless error and hence not grounds for reversal. First, because Samuel's actual sentence fell below the statutory maximum for his drug trafficking offenses, Samuel was not prejudiced by the alleged *Apprendi* error. *See Webb*, 255 F.3d at 898. Second, because Samuel did not and could not contest the fact that he was on release at the time he committed his second offense,[14] his failure to plead to that point expressly was likewise harmless, even if the fact that he was on release were properly regarded as the equivalent of an offense element. *See Neder v. United States*, 527 U.S. 1, 19, 119 S.Ct. 1827, 1838, 144 L.Ed.2d 35 (1999) (holding that the failure to submit an element to the jury was harmless because the "defendant did not, and apparently could not, bring forth facts contesting the omitted element").

### III

Leon Samuel asks this court to hold that, when the government seeks to enhance a defendant's sentence for an offense because he committed it while on release for an earlier crime, that circumstance is functionally an element and must either be proved to a jury or pled to by the defendant. Such a ruling in Samuel's favor would grant him only a theoretical victory, as the evidence is incontrovertible that he was on release at the time of his second offense. *See supra* note 14. It could, however, be deeply damaging to other defendants, because if the existence of that circumstance were the equivalent of an element, the government would be permitted—indeed required—to put before the jury facts that are unrelated to the underlying crime and normally regarded as quite prejudicial. *See United States v. Crowder*, 141 F.3d 1202, 1203 (D.C.Cir. 1998) (holding that a defendant cannot preclude the government from introducing evidence establishing an element of an offense by stipulating to that element).

*Apprendi* does not require us to impose such a burden either on the government or on those it accuses of crimes. Because Guideline § 2J1.7 does no more than direct the court to the applicable sentencing range within the statutory maximum set by Congress, the fact that the defendant was on release at the time of the offense may be found by the court without recourse to a jury verdict or plea. The district court therefore committed no error in sentencing Samuel, and the judgment of that court is

*Affirmed.*

---

**14.** According to his plea, Samuel committed the second offense on September 1, 1999. The district court's records reflect both that he was released pending sentencing for the first offense on March 26, 1998, and that sentencing on that offense had not been completed on September 1, 1999. Moreover, although Samuel's attorney argued at sentencing that these facts had to be found by a jury, she conceded that "the record is abundantly clear that he was on release" at the time of the second offense. 2/16/01 Tr. at 21.