**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4282**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CHARLETTE DUFRAY JOHNSON, a/k/a Charlotte Johnson,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   W. Earl Britt, Senior District Judge.  (7:10-cr-00093-BR-1)

Submitted:  November 26, 2014          Decided:  December 2, 2014

Before WILKINSON, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charlette Dufray Johnson, Appellant Pro Se.  Kristine L. Fritz, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a second remand for resentencing, Charlette Dufray Johnson appeals her convictions and 121-month sentence imposed following her guilty plea to two counts of making false, fictitious, or fraudulent claims for disaster relief, in violation of 18 U.S.C. § 287 (2012) ("Counts One and Four"); eight counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012) ("Counts Seven through Fourteen"); and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (2012) ("Counts Fifteen and Sixteen"). In this appeal, Johnson seeks to challenge her convictions on Counts Seven through Fourteen, as well as the sentence imposed during the second resentencing. For the reasons that follow, we affirm.

As an initial matter, we conclude that most of Johnson's appellate arguments are barred by operation of the mandate rule. In our most recent opinion, we affirmed Johnson's conviction and sentence in part, vacated her sentence in part, and remanded for the limited purpose of permitting the district court (1) to consider the impact, if any, of Alleyne v. United States, 133 S. Ct. 2151 (2013), on Johnson's enhancement imposed pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.3 (2010), and (2) to clarify its reasons for imposing a more severe sentence on remand. This limited mandate foreclosed consideration, or reconsideration, of any issues previously put

2

to rest by our prior opinions in Johnson's criminal case—whether those issues were rejected on appeal or could have been but were not previously raised.  See United States v. Susi, 674 F.3d 278, 283 (4th Cir. 2012); cf. Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007); Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007).

Applying these principles, we find that two of Johnson's appellate arguments fall within the scope of the mandate and are therefore reviewable in this appeal.  These permissible issues include Johnson's arguments that (1) her enhancement under USSG § 3C1.3 violates Alleyne and Apprendi v. New Jersey, 530 U.S. 466 (2000), and (2) the district court judge abused his discretion in declining to recuse himself from the second remand hearing.  We find no exception to the mandate rule applicable to Johnson's remaining appellate challenges, and we therefore decline to consider these arguments.  See United States v. Pileggi, 703 F.3d 675, 682 (4th Cir. 2013) (describing exceptions).

We review de novo Johnson's Apprendi-based challenge to the USSG § 3C1.3 enhancement.  See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).  Under Apprendi and its progeny, facts that increase a criminal penalty beyond the prescribed statutory maximum must be charged in the indictment and proven to a jury beyond a reasonable doubt.  Apprendi, 530

3

U.S. at 490.  Alleyne recently extended the holding of Apprendi to include facts increasing the mandatory minimum sentence.  See Alleyne, 133 S. Ct. at 2160-63.

Section 3C1.3 provides for a three-level enhancement to the defendant's base offense level "[i]f a statutory sentencing enhancement under 18 U.S.C. § 3147 applies."  Section 3147 specifies that an individual convicted of an offense committed on pretrial release "shall be sentenced . . . to . . . a term of imprisonment of not more than ten years . . . consecutive to any other sentence of imprisonment."  See 18 U.S.C. § 3147(1) (2012).  To implement the statutory enhancement, the Guidelines commentary direct the sentencing court to impose a total sentence within the Guidelines range attributable to the underlying offense committed while on pretrial release, apportioned "between the sentence attributable to the underlying offense and the sentence attributable to the enhancement."  USSG § 3C1.3 cmt. n.1.

We find no error in the district court's conclusion that neither USSG § 3C1.3 nor its underlying statutory enhancement violates Alleyne, as they do not implicate a mandatory minimum sentence.  Moreover, as the district court previously concluded, Johnson's enhancement does not violate Apprendi, as Johnson was sentenced within the statutory maximum applicable to her offenses.  See United States v. Promise, 255

4

F.3d 150, 157 n.5 (4th Cir. 2001); see also United States v. Randall, 287 F.3d 27, 30-31 (1st Cir. 2002) (holding that § 3147 and implementing Guidelines enhancement did not violate Apprendi where defendant received sentence below statutory maximum for offense of conviction, and suggesting that structure for implementing enhancement "effectively moots any Apprendi challenge to the application of § 3147" because it requires imposition of apportioned within-Guidelines sentence).

Turning to Johnson's claim of judicial bias, we review for abuse of discretion a district court's denial of a motion for recusal under 28 U.S.C. § 455(a) (2012). United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008). A district judge should recuse himself if his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Rather, a judge's opinions formed during the current or prior proceedings—even if expressed through remarks critical or even hostile to a party—are not grounds for recusal "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Lentz, 524 F.3d at 530 (internal quotation marks omitted).

Contrary to Johnson's assertions, neither the resentencing transcript nor the record as a whole provide any

evidence that the district judge harbored bias against Johnson. Rather, Johnson's argument appears to be based primarily on her disagreement with the judge's substantive rulings. In short, our review of the record reveals no basis to question the experienced trial judge's impartiality.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6