# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11079

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TONY RAY SIMPSON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-348-1

Before PRADO, HIGGINSON, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:*

Tony Ray Simpson appeals the sentence imposed upon him after a jury convicted him of firearm and drug offenses. He contends that his prior Texas conviction for burglary does not count as a crime of violence under the Sentencing Guidelines. The government has introduced new documents from that state-court proceeding and now agrees with Simpson that it was a mistake to treat his earlier conviction as such. The government, however, does not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11079

agree with Simpson about another Guidelines question: whether the district court was allowed to apply an enhancement for crimes committed while on pretrial release when the jury was not asked to make that determination.[1]

## I.

A grand jury charged Simpson with being a felon in possession of a firearm. While on release awaiting trial for that charge, he was again found with a firearm and, this time, drugs. That resulted in the return of a superseding indictment. It charged Simpson with the original felon-in-possession offense (Count One), the new one (Count Two), possessing marijuana with the intent to distribute it (Count Three), and possessing a firearm in furtherance of that drug trafficking (Count Four). The indictment also contained a sentencing notice which alleged that Simpson was subject to the sentencing enhancement under 18 U.S.C. § 3147(1) because he committed the final three of these crimes while on pretrial release for the first offense. *See* 18 U.S.C. § 3147(1) (requiring imposition of separate, consecutive imprisonment term of up to 10 years for a person convicted of a felony offense committed while on release). The jury convicted Simpson of all counts, but was not asked to find whether Simpson committed the final three while on pretrial release for the first.

The district court determined, over Simpson's objections, that Simpson's base offense level was 20 because the felon-in-possession convictions followed a conviction for a crime of violence, namely his 1997 Texas conviction for burglary of a habitation. The district court also overruled Simpson's objection

---

[1] In order to preserve the issue for further appellate review, Simpson also argued that the felon-in-possession of a firearm statute, 18 U.S.C. § 922(g)(1), is unconstitutional insofar as mere proof that the gun was manufactured in a different state is sufficient to show that a defendant possessed it in a manner "in or affecting interstate commerce." He acknowledges, however, that this issue is foreclosed by circuit precedent. *See United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013).

that the sentencing enhancement under section 3147 and the corresponding three-level enhancement under Guidelines section 3C1.3 should not apply because the jury did not find beyond a reasonable doubt that Simpson committed an offense while on pretrial release. The district court thus concluded that Simpson's Guidelines ranges for Counts One and Two was 57 to 71 months and his Guidelines range for Count Three, which carries a statutory maximum of 60 months of imprisonment, was 57 to 60 months. The 924(c) conviction in Count Four has a statutory minimum of 60 months and no Guidelines range.

At sentencing, the district court orally imposed a total term of imprisonment of 126 months as follows: concurrent terms 60 months on each of the first three counts; a consecutive term of 60 months on Count Four; and a consecutive term of six months for Simpson's violation of section 3147(1). The written judgment, however, omits the six-month sentence imposed pursuant to section 3147(1), resulting in a total sentence of 120 months. The government does not challenge that omission.

## II.

Both Simpson and the government agree that the case should be remanded for resentencing without the crime of violence determination. Simpson argues that he only pleaded guilty to a burglary offense under subsection 30.02(a)(3) of the Texas Penal Code and not subsection (a)(1).[2] A conviction under the former does not count a crime of violence because section 30.02(a)(3) does not require intent to commit another crime at the time the

---

[2] "A person commits an offense if, without the effective consent of the owner, the person: (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or . . . (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." TEX. PENAL CODE § 30.02(a).

defendant enters the building (only the commission of a crime once inside the building).  *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008).

In his opening brief, Simpson contends that "squiggles" on the Texas indictment and judicial confession over the text that tracks subsection (a)(1) indicate the intent to remove this part of the charge from the indictment and plea.  Furthermore, someone wrote his or her initials next to the squiggle on the indictment.  While Simpson did not raise this argument before the district court, he now argues that the squiggles and initials show that he did not plead guilty to an offense described by subsection (a)(1) but only an offense described by subsection (a)(3).

For its part, the government found in the state court filings a motion by the prosecution to "strike and/or dismiss . . . Count #1 (one)" of the indictment.  This was the same count marked with the squiggles.  The government has filed a motion in this court to supplement the record with its discovery.  We grant the motion.  *See United States v. Charles*, 301 F.3d 309, 313 n.7 (5th Cir. 2002) (en banc) (granting government's motion to supplement the record with a copy of the defendant's indictment).  The government agrees with Simpson that it was plain error to sentence him treating his prior burglary conviction as a crime of violence

The court, however, is not bound by the government's concession of plain error.  *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008).  To establish plain error, Simpson must show (a) error at sentencing, (b) that was "plain," and that (c) affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If those conditions are met, we have discretion to correct the error if it seriously affected the fairness, integrity, or public reputation of the proceeding.  *Id*.

There is no question that there was plain error—subsection (a)(3) does not describe a crime of violence and the extra material introduced by the

government makes it unmistakable that Simpson was only convicted of an offense matching that subsection.  There is also no doubt that Simpson's substantial rights were affected: his Guidelines range without the crime-of-violence enhancement would have been 30 to 37 months, lower than the 57 to 71 months range used at sentencing and the 60 month sentence he received. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) ("When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error.").

As to the fairness, integrity, or public reputation of the proceedings, two reasons favor correcting the plain error.  First, that Simpson's sentence was well outside the correct Guidelines range weighs in favor of remand.  *See United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009) (describing how the court has "been generous with remand, often finding that errors leading to substantial increases in sentence . . . merited remand").  Even in a case in which the Guidelines discrepancy was lower (eighteen months) and the defendant's actual sentence fell within the correct range, we found the fairness and integrity of judicial proceedings would be impaired by a failure to remand. *United States v. Price*, 516 F.3d 285, 289–90 (5th Cir. 2008); *see also United States v. Hernandez*, 690 F.3d 613, 621 (5th Cir. 2012) (finding plain error in twelve-month disparity between correct Guidelines range and actual sentence); *United States v. Mudekunye*, 646 F.3d 281, 291 (5th Cir. 2011) (per curiam) (same); *United States v. Santacruz-Hernandez*, 648 F. App'x 456, 458 (5th Cir. 2016) (per curiam) (finding plain error based on two-month disparity between correct Guidelines range and actual sentence).  So does the nature of the error, which was not a legal misapplication of the often vexing categorical approach but an outright error about the state offense under which Simpson

No. 15-11079

had been convicted. *Cf. United States v. De Leon*, 728 F.3d 500, 507–08 (5th Cir. 2013); *United States v. Mason*, 722 F.3d 691, 695 (5th Cir. 2013) (both finding that error in restitution calculation satisfied the final plain error requirement because defendant was being held responsible for conduct he was not convicted of committing). A substantial injustice would result if a conviction for an offense Simpson did not commit resulted in him serving roughly double the prison time a correct Guidelines range would have recommended. We thus vacate the 60-month sentences for Counts One through Three.

## III.

Although we are vacating his sentence because Simpson did not have a prior crime-of-violence conviction, to assist in that resentencing we will also address his other challenge. It involves the section 3147 penalty that applies when a defendant commits a felony while on pretrial release for another federal charge: an additional, consecutive term of imprisonment of up to ten years.[3] 18 U.S.C. § 3147. The separate sentence the statute contemplates was orally imposed by the district court, but did not appear in the judgment. The finding of a section 3147 violation nonetheless had an impact on Simpson's official sentence because it increased his Guidelines range by three levels. U.S.S.G. § 3C1.3.[4]

---

[3] Section 3147 can be read as providing for a separate offense and conviction. But well before *Apprendi*, we had agreed with other circuits that section 3147 provides a sentencing enhancement rather than a separate offense. *See United States v. Jackson*, 891 F.2d 1151, 1152–53 (5th Cir. 1989).

[4] The discrepancy between the oral pronouncement and written judgment may be a result of the peculiar procedure the Guidelines commentary recommends for dealing with the enhancement for committing an offense while on pretrial release. It says to calculate a total sentence for the underlying offense committed on release using the Guideline enhancement, then subtract the amount of the sentence attributable to the enhancement (here 6 months), and finally impose this additional amount as a separate, consecutive sentence per section 3147's command. U.S.S.G. § 3C1.3 cmt. 1. The district court's oral sentence pulled out the six months as an additional sentence, but did not reduce the Guidelines range by that

No. 15-11079

Simpson naturally does not seek reinstatement of the separate six-month sentence (nor does the government), but he argues that increasing his Guidelines range because of a section 3147 finding that was made without a jury determination violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the recent case extending *Apprendi* to statutory minimums, *Alleyne v. United States*, 133 S. Ct. 2151 (2013).

The application of section 3C1.3 standing alone violates neither *Apprendi* nor *Alleyne* because it did not increase Simpson's statutory maximum or minimum sentence. *See United States v. Hebert*, 813 F.3d 551, 564–65 (5th Cir. 2015); *United States v. Dison*, 573 F.3d 204, 209 (5th Cir. 2009). Simpson's main argument is not, however, that the enhancement violates *Apprendi* or *Alleyne* on its own terms but that section 3C1.3 cannot apply unless section 3147 applies. According to his reasoning, even though the propriety of employing section 3147 was partly mooted by the omission in the written judgment, the section still casts a shadow over his sentence as a necessary predicate for the live 3C1.3 enhancement.

Section 3C1.3 states, "If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels." U.S.S.G. § 3C1.3. On Simpson's reading, section 3C1.3 cannot be used to enhance a sentence unless section 3147 is constitutional under *Apprendi* and *Alleyne*. This, however, is a misreading of the Guidelines provision. As the First Circuit explained in *United States v. Randall*, 287 F.3d 27 (1st Cir. 2002), a reference in the Guidelines to a criminal statue may be used to identify conduct that triggers a Guidelines provision without making a "conviction" or other

---

amount. It thus would have doubly counted the enhancement. The written judgment corrected this problem though it did not result in the commentary's recommended outcome of a separate sentence for the enhancement.

adjudication under that statute a prerequisite for deploying the provision. 287 F.3d at 30–31; *see also United States v. Samuel*, 296 F.3d 1169, 1174 (D.C. Cir. 2002) ("The fact that the offense characteristic at issue here—committing the offense while on release for another crime—is specified by statute does not disturb our conclusion."); *but see United States v. Confredo*, 528 F.3d 143, 155 (2d Cir. 2008) (disagreeing with *Samuel* and *Randall* because application of the Guidelines provision is a "technique for implementing section 3147"). The *Randall* court analogized to a Guidelines provision that "mirror[s] a statutory enhancement provision" without making that provision suspect under *Apprendi*. 287 F.3d at 30. Guidelines section 2D1.11(d), relating to drug weights, is one example when the same facts that can be found by a judge to trigger a Guidelines provision otherwise define distinct criminal offenses, such as 21 U.S.C. § 841(b)(1). *Randall*, 287 F.3d at 30.

Indeed, the language employed by the Guidelines distinguishes between cases in which a conviction under a statute triggers the Guideline and cases in which the statute is merely cited to identify conduct that activates the Guideline. For example, Guidelines section 2D1.11(2) states, "If the defendant is convicted under 21 U.S.C. 865, increase by 2 levels." Like section 3147, section 865 is not a separate offense but a statutory enhancement. *See* 21 U.S.C. § 865(a); *Dison*, 573 F.3d at 209. The drafters of the Guidelines know how to make conviction "under" a sentencing statute a predicate for a Guideline but did not do so when writing section 3C1.3.Sure

Because the reference in Guidelines section 3C1.3 to the section 3147 statute is meant to identify the conduct that triggers an enhancement, not make the enhancement depend upon a conviction under the statute, the trial court did not err by applying the enhancement for offenses committed while on pretrial release.

No. 15-11079

\* \* \*

We VACATE Simpson's sentence on Counts One through Three and REMAND for resentencing.