# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2020

Lyle W. Cayce
Clerk

No. 20-30047
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICHARD W. BOREK, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-205-1

Before OWEN, *Chief Judge*, and HAYNES and COSTA, *Circuit Judges*.
PER CURIAM:*

Richard W. Borek, Jr., appeals his sentence of 50 months of imprisonment for attempted bank fraud. The district court sentenced him to 41 months of imprisonment, at the top of the guidelines range; given that he committed this offense while on pretrial release, he received an additional

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

nine months of imprisonment pursuant to 18 U.S.C. § 3147; his combined 50-months' sentence was ordered to run consecutive to the federal sentence he is serving; and he was ordered to pay restitution related to counts that were dismissed and to which he did not plead guilty. Because Borek agreed in the plea agreement to pay restitution to Iberia Bank and Home Bank for the loss alleged in the dismissed counts, the district court was authorized to order restitution in accordance with the plea agreement. *See* 18 U.S.C. § 3663A(a)(3).

Borek preserved a challenge to the substantive reasonableness of his sentence by raising his arguments in the district court and advocating for a more lenient sentence. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020). Using a bifurcated review process, this court first examines whether the district court committed any significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If the district court's decision is procedurally sound, this court then considers the substantive reasonableness of the sentence under an abuse of discretion standard, irrespective of whether the sentence falls within the guidelines range. *Id.*

Here, Borek's 50-months' sentence, including the nine-months' sentence enhancement pursuant to § 3147, is not within his guideline imprisonment range of 33 to 41 months. It is not apparent from the record whether the district court imposed an upward variance or an upward departure. In any event, this court has held that the specific characterization as a departure or variance is irrelevant if an imposed sentence is "reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks omitted).

Substantive reasonableness review is based on the 18 U.S.C. § 3553(a) sentencing factors. *Gall*, 552 U.S. at 51. When an above-guidelines sentence is imposed, this court "may consider the extent of the deviation but must give

due deference to the district court's decision that the [§] 3553(a) factors, as a whole, justify the extent of the variance." *United States v. Churchwell*, 807 F.3d 107, 123 (5th Cir. 2015). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (internal quotation marks omitted).

Here, the district court specifically stated that the sentence was justified in light of the § 3553(a) factors and referenced both Borek's substantial criminal history and the fact that he committed the instant offense during pretrial release for wire fraud. Borek's 30 criminal history points were the most criminal history points in the court's memory. The written statement of reasons reflect that the sentence was based on the nature and circumstances of the offense and Borek's history and characteristics, as well as the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment. *See* § 3553(a)(1)-(2)(A). Given the significant deference that is due a district court's consideration of the § 3553(a) factors and the district court's explanation of its sentencing decision, Borek has not demonstrated that his sentence was substantively unreasonable. *See Gall*, 552 U.S. at 51-53. Moreover, we have previously rejected Borek's argument that the application of U.S.S.G. § 3C1.3 and 18 U.S.C. § 3147 violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See United States v. Simpson*, 682 F. App'x 299, 303 (5th Cir. 2017).

The district court's judgment is AFFIRMED.