**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4438
_____

UNITED STATES OF AMERICA

v.

BERNARD J. BAGDIS,
a/k/a Pat Davis
a/k/a Frank Benjamin
a/k/a Adam Samuels
a/k/a Chris White
a/k/a Jay

BERNARD J. BAGDIS,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00730-001)
District Judge:  Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
October 30, 2014

Before:   MCKEE, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Filed: November 6, 2014)
_____

OPINION*
_____

_____
        *This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Bernard J. Bagdis appeals from the District Court's judgment entered following remand. Because we conclude that his arguments are meritless and the sentence imposed was procedurally and substantively reasonable, we affirm.

Through his law practice, Bagdis helped numerous clients avoid paying federal income taxes by "creating convoluted corporate transactions."[1] He also failed to file federal tax returns for many years. A jury in the Eastern District of Pennsylvania found him guilty of several counts of tax fraud, and the District Court sentenced him to a total term of 120 months' imprisonment consisting of 36 months on Count 1 (obstructing the administration of the Internal Revenue Code), 42 months on Count 45 (conspiracy to defraud the United States), and 42 months on Count 47 (aiding and assisting in the preparation of a false tax return), to run consecutively.[2] Bagdis was sentenced to 30 months on the remaining counts (including Counts 65-67), to run concurrently.

On Bagdis's first appeal, we substantially affirmed the District Court's judgment but vacated and remanded on a limited basis. Specifically, we found that the District Court erred when it: (1) imposed 42 months' imprisonment on Count 47 when the statutory maximum was 36 months; (2) imposed 30 months' imprisonment on each failure to file count (Counts 65-67) when the statutory maximum was 12 months; and (3)

---

[1] United States v. Bagdis, 488 F. App'x 593, 595 (3d Cir. 2012).
[2] Id. at 596.

2

imposed a fine of $84,000 and a special assessment of $2,900 based on 29 violations when Bagdis was only found guilty of 27 violations.[3]

At resentencing, the District Court corrected those errors. Abiding by the statutory maxima, it again imposed a sentence of 120 months' imprisonment.[4] The District Court also reduced the fine to $75,000 and the special assessment to $2,475 to comport with the fact that Bagdis had been found guilty of 27, not 29, violations.

Bagdis argues that the District Court violated his Fifth Amendment protection against double jeopardy by imposing sentences on counts for which he had already served the originally imposed sentences.[5] In our limited remand order, we substantially affirmed the District Court's judgment and sentence, but vacated Bagdis's original sentence on the basis that some terms exceeded the statutory maxima. On remand, the District Court was "free . . . to reconstruct the sentencing architecture" to comply with our mandate and did not commit plain error by readjusting the sentences on all counts.[6]

_____

[3] Id. at 599-600.

[4] Bagdis's sentence on remand was structured as follows: 36 months on Count 1 (obstructing the administration of the Internal Revenue Code); concurrent terms of 36 months on Counts 10, 47, and 49 (aiding and assisting in the preparation of a false tax return), to run consecutively with the term imposed on Count 1; a term of 12 months each on Counts 65-67 (failure to file tax returns), to run consecutively to each other and to the terms on Counts 1, 10, 47, and 49; a term of 12 months on Count 68 (failing to file a currency transaction report), to run consecutively to the terms on Counts 1, 10, 45, 47, 65-67; and a concurrent term of 12 months on all remaining counts.

[5] Because he did not preserve this objection at sentencing, we review it for plain error. United States v. Miller, 527 F.3d 54, 60 (3d Cir. 2008); United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002).

[6] United States v. Davis, 112 F.3d 118, 122 (3d Cir. 1997) (quoting United States v. Pimienta-Rodondo, 874 F.2d 9, 14 (1st Cir. 1989)).

3

Further, no double jeopardy violation occurred because "time served on the original sentence is treated as time served on the post-remand sentence."[7]

Bagdis raises five additional issues on appeal. First, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013), he argues that the "sentencing process" violated his Sixth Amendment right to have "all elements of the offense" determined by a jury.[8] Second, he argues that he has not had the opportunity "to challenge the flagrant errors in the exaggerated tax-losses" in violation of the Sixth Amendment's Confrontation Clause.[9] Third, Bagdis claims that the District Court "formulated a sentence that was procedurally and substantively improper" because it was based on clearly erroneous facts and an improper guidelines calculation.[10] Further, he argues that the District Court completely disregarded 18 U.S.C. §3553(a)(6), failed to provide an adequate explanation of the sentence imposed, and failed to address his motion arguing that the District Court should not apply certain enhancements to his sentence.[11] Fourth, Bagdis argues that the District Court "imposed an excessive restitution burden" on him.[12] Finally, Bagdis asks us to reassign his case to a different judge on remand.[13]

---

[7] Blood v. Bledsoe, 648 F.3d 203, 208 (3d Cir. 2011); see also 18 U.S.C. § 3585(b) (defendant given credit for time served prior to sentencing).
[8] Appellant's Br. at 29.
[9] Id. at 35.
[10] Id. at 41.
[11] Id. at 43-49.
[12] Id. at 49.
[13] Id. at 54.

4

To the extent Bagdis failed to raise these arguments in his first appeal, they are waived.[14]  Even if Bagdis had raised them below, it would have been improper for the District Court to address the issues because they are outside the limited scope of our remand order, and we will not consider them here.[15]

For the foregoing reasons, we affirm the judgment of the District Court.[16]

---

[14] United States v. Pultrone, 241 F.3d 306, 307 (3d Cir. 2001) (defendant who "failed to pursue allegations of error . . . when he first filed a direct appeal" could not raise them in appeal following limited remand).

[15] See United States v. Smith, 751 F.3d 107, 122 (3d Cir. 2014) (a party may not litigate on remand issues that were not remanded for further proceedings).

[16] Our affirmance renders moot Bagdis's request for reassignment on remand. Furthermore, the Government "withdr[ew] its cross-appeal," but only by way of a statement in its brief.  (Appellee's Br. 38.)  Upon our direction, the Clerk's Office has formally withdrawn the Government's case.