

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-29-2000

# United States v. Hecht

Precedential or Non-Precedential:

Docket 99-1543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

## Recommended Citation

"United States v. Hecht" (2000). *2000 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed February 29, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-1543

UNITED STATES OF AMERICA

v.

BARRY HECHT,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 98-cr-00646)
District Court Judge: Jay C. Waldman

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2000

Before: BECKER, Chief Judge, and ALITO and BARRY,
Circuit Judges.

(Opinion Filed: February 29, 2000)

        BURTON A. ROSE
        Washington West Building
        235 South 8th Street
        Philadelphia, PA 19106-3519

        Counsel for Appellant

MICHAEL R. STILES
United States Attorney
WALTER S. BATTY, JR.
Chief of Appeals
KATHERINE L. ECHTERNACH
Assistant United States Attorney
Suite 1250
One Independence Mall
615 Chestnut Street
Philadelphia, PA 19106

Counsel for Appellees

OPINION OF THE COURT

ALITO, Circuit Judge:

Barry Hecht appeals his sentence, contending that the District Court erred in enhancing his sentence on the ground that his crime was committed while on release from another federal offense. Hecht argues that the enhancement was improper because he was not notified of the possibility of enhancement at the time of his release on the first offense. We hold that pre-release notice of the possibility of enhancement is not required, and we accordingly affirm.

I.

From 1988 to 1989, Hecht ran a fraudulent gourmet cookie distributorship scheme, using false references and making misrepresentations to buyers to induce them to invest in the distributorships. In July 1994, he pled guilty to federal charges of conspiracy and wire fraud arising out of the scam. After entering his plea, Hecht was released on bail pending sentencing. He was sentenced to 18 months of imprisonment on October 25, 1994, and began serving his sentence on November 28, 1994.

Unbeknownst to the authorities, from 1993 to 1995 Hecht was also running a fraudulent sports merchandise distributorship operation called Pacesetters of North America, Inc. ("Pacesetters"). He made misrepresentations

2

to potential purchasers about Pacesetters' history and about the value of the merchandise they would receive. Pacesetters took in approximately $388,500 over the course of its operations and caused a loss of $321,000 to its victims.

In 1998, Hecht pled guilty to one count of criminal conspiracy to commit wire fraud and mail fraud, in violation of 18 U.S.C. S 371, in connection with the Pacesetters scheme. At sentencing, the District Court applied a three-level enhancement under U.S.S.G.S 2J1.71 because Hecht had committed the offense while on pretrial release for a prior federal offense--viz., the cookie scam. The resulting sentencing range was 37 to 46 months; the District Court sentenced Hecht to the bottom of the range. Hecht appeals the enhancement.

II.

Hecht grounds his challenge on the Commentary to S 2J1.7, which states that "[a]n enhancement . . . may be imposed only after sufficient notice to the defendant by the government or the court." U.S.S.G. S 2J1.7, comment. (backg'd). Hecht claims that the enhancement may not be applied because he was not given notice, at the beginning of his pretrial release in the prior case, that the commission of a new federal offense during release would subject him to an enhanced sentence in the second case. We reject this argument.

Guideline S 2J1.7 implements 18 U.S.C. S 3147, which provides in relevant part that "[a] person convicted of an offense while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to . . . a term of imprisonment of not more than ten years." The Guideline provides for a three-level enhancement for cases within the ambit of S 3147.

_____

1. The Guideline provides that "[i]f an enhancement under 18 U.S.C. S 3147 applies, add 3 levels to the offense level for the offense committed
while on release as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release." U.S.S.G. S 2J1.7.

3

Neither the statute nor the Guideline itself contains any notice requirement. Indeed, in United States v. DiPasquale, 864 F.2d 271, 280 (3d Cir. 1988), this Court squarely held that it could not "read the language or the legislative history of S 3147 as mandating explicit notice to a defendant of the possibility for sentence enhancement as a precondition to sentence." Rather, S 3147"is a self-executing and mandatory provision of law" that applies even in the absence of pre-release notice. Id . at 281 (quoting United States v. Feldhacker, 849 F.2d 293, 299 (8th Cir. 1988)). Accord United States v. Lewis , 991 F.3d 322, 323-24 (6th Cir. 1993).

The reference to "notice" in the Commentary cannot be read to overrule the unambiguous text of the statute and the Guideline, or to modify their mandatory nature. As the DiPasquale Court noted, Congress, in enacting the mandatory language of S 3147, could not have meant "that persons who commit the very crimes that the act intended to deter, should avoid punishment for those crimes because of the judicial officer's failure explicitly to remind the defendant of the consequences of his or her acts" before release. DiPasquale, 864 F.2d at 281.

We read the Commentary to mandate, not pre-release notice in the first case, but simply pre-sentencing notice in the second case. This reading accords with DiPasquale and is bolstered by the history of the Commentary. Before its amendment in 1989, the Commentary to S 2J1.7 provided that "[a]n enhancement under 18 U.S.C. S 3147 may be imposed only upon application of the government; it cannot be imposed on the court's own motion." See United States v. Vasquez, 113 F.3d 383, 388 (2d Cir. 1997). The note to the 1989 amendment stated that the amendment merely "corrects the description in the Background Commentary of the operation of the statute to which this guideline applies." U.S.S.G. App. C, amend. 431. This note suggests that the amendment's language simply clarified that a defendant should be provided pre-sentencing notice of the possibility of an enhancement; pre-release notice is nowhere mentioned. See Vasquez, 113 F.3d at 388.

4

III.

Hecht does not deny that he received pre-sentence notice of the potential enhancement both in his Presentence Report and during plea negotiations. Accordingly, we affirm.

A True Copy:
Teste:

    Clerk of the United States Court of Appeals
    for the Third Circuit