PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4460
_____

UNITED STATES OF AMERICA

v.

MELVIN LEWIS,
Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-09-cr-00454-001)
District Judge: Honorable Gene E.K. Pratter
_____

Argued September 13, 2011

Before:  RENDELL, JORDAN and BARRY, Circuit Judges.

(Opinion Filed: October 18, 2011)
_____

Kai N. Scott, Esq.
Brett G. Sweitzer, Esq.     **[ARGUED]**
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA  19106
    *Counsel for Appellant*

Eric B. Henson, Esq.
Robert A. Zauzmer, Esq.     **[ARGUED]**
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
    *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RENDELL, *Circuit Judge*.

In this case of first impression we consider whether 18 U.S.C. § 3147, which requires a sentence to be enhanced when the crime of conviction was committed while on pretrial release from another federal charge, allows a district court to impose a sentence that exceeds the statutory maximum sentence for the underlying crime.  While some of our sister courts of appeals have also considered this issue, none has squarely decided it.  We also consider the defendant's argument that the District Court erred in permitting him to be convicted of an offense under § 3147, rather than having it be considered as a sentencing enhancement.

<u>Background</u>

Defendant Melvin Lewis ("Lewis") was charged with one count of carjacking, in violation of 18 U.S.C. § 2119 ("Count One"), one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Two"), and one count of committing an offense while on pretrial release, in violation of 18 U.S.C. § 3147(1) ("Count Three"). The offense charged as Count Three reads as follows:

> A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to
>
> (1) a term of imprisonment of not more than ten years if the offense is a felony; or
>
> (2) a term of imprisonment of not more than one year if the offense is a misdemeanor.
>
> A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

18 U.S.C. § 3147. In order to seek an enhancement under § 3147, the government included it as a charged count so that it could "avoid any possible problem" at sentencing. (App. 27.)

Following a jury trial, Lewis was acquitted on Count One and convicted of Count Two. After the jury returned its verdict as to Counts One and Two, the District Court

3

instructed the jury on Count Three.[1]  The jury found both of its elements to be satisfied, and it returned a verdict of guilty on Count Three.

The statutory maximum sentence for the underlying offense, possession of ammunition by a felon, was ten years. *See* 18 U.S.C. § 924(a)(2) (imposing a ten year maximum sentence on a conviction under § 922(g)(1)).  Thus, if § 3147 is read to permit an additional ten years to be added to a defendant's sentence, Lewis could receive a sentence of up to twenty years for the underlying crime, notwithstanding its ten year statutory maximum sentence, because he committed the offense while on release.

---

[1] The District Court instructed on Count Three as follows:

> In order to find Mr. Lewis guilty of this offense, you must find that the Government proved each of the following two elements beyond a reasonable doubt: First: That Mr. Lewis was released under Title 18, United States Code Chapter 207, which means that he was released on bail after being charged with a federal crime.  And second: That while he was released, Mr. Lewis committed a federal offense while released. Because you have already found that Mr. Lewis was guilty on Count 2, you have found that he committed a federal offense.  However, you must now determine whether he committed this offense while on released status.  Here, the parties have stipulated that Mr. Lewis was on release under Title 18, Chapter 207 of the United States Code on January 9th, 2009.

(App. 33.)

4

Under the Sentencing Guidelines ("Guidelines"), Lewis' sentence was calculated as follows: The District Court applied § 2K2.1(a)(4)(A) (the applicable guideline for an 18 U.S.C. § 922(g)(1) offense) to determine a base offense level of twenty. Pursuant to § 2K2.1(b)(6), the District Court added four levels because Lewis possessed ammunition in connection with another felony offense, i.e. carjacking. Next, it added two levels pursuant to § 3C1.2 for reckless endangerment during flight. Finally, the District Court applied § 3C1.3, the Guideline which implements § 3147, for the commission of an offense while on release, and added three levels. Thus, the total offense level was twenty-nine. Lewis has a criminal history placing him within Category V. As such, the advisory sentencing range was 140 to 175 months. The District Court sentenced Lewis to 138 months' imprisonment, comprised of two consecutive terms: 96 months on Count Two and 42 months on Count Three. The Court also imposed a three-year term of supervised release and ordered Lewis to pay a $1,000 fine and a $200 special assessment.

## Discussion

The issue before us is unusual in that the Guidelines range, 140 to 175 months, exceeds the statutory maximum for the underlying offense, 120 months. We are the first court to opine on the way in which § 3147 applies in this atypical fact setting. Lewis contends that the District Court committed plain error because it imposed a sentence exceeding the statutory maximum for the underlying crime and treated § 3147 as a separate offense. The government disagrees, arguing that the plain language of § 3147 increases the statutory maximum for a felony by ten years if that felony

5

was committed while the defendant was on pretrial release for another federal charge, and whether treated as an offense of conviction or a sentencing enhancement, the ultimate effect is the same at sentencing, so any error in categorizing the statute as a basis for conviction is harmless. The government concedes, however, that the special assessment should be reduced from $200 to $100 because § 3147 does not state a separate offense, but a sentencing enhancement.

Before the District Court, Lewis raised no objection to his sentence exceeding the statutory maximum for the underlying crime, nor to being charged with, and convicted of, § 3147 as a crime under Count Three. Accordingly, we review his challenge to the sentencing determination for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002). A sentence that exceeds the statutory maximum constitutes plain error. *United States v. Gunter*, 527 F.3d 282, 288 (3d Cir. 2008), *vacated on other grounds*, 129 S. Ct. 2051 (2009). We also review his challenge to his conviction on Count Three for plain error. *United States v. Tann*, 577 F.3d 533, 535 (3d Cir. 2009).[2] A conviction of an offense not authorized by Congress constitutes plain error. *Id.* at 539-40.

---

[2] Plain error review requires us to first determine whether the District Court committed an error that is plain. Second, we ask whether that error affected the defendant's substantial rights. Third, we must decide whether to exercise our discretion to correct that error, provided that the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *Tann*, 577 F.3d at 535.

Regarding the latter issue, it is fairly well established that § 3147 is a sentencing enhancement, not a crime. *See United States v. Di Pasquale*, 864 F.2d 271, 280 (3d Cir. 1988) (holding that § 3147 is a sentencing enhancement and not a separate offense); *see also United States v. Hecht*, 212 F.3d 847, 848 (3d Cir. 2000) (treating § 3147 as a sentencing enhancement); U.S.S.G. § 3C1.3 (referring to § 3147 as a sentencing enhancement). Thus, as we discuss more fully below, it was plainly erroneous to convict Lewis on Count Three. Apart from that, however, calling § 3147 an offense versus an enhancement may be a distinction without a real difference in determining its meaning and application, for those do not turn on the nomenclature. The real issue before us is whether § 3147 can increase the statutory maximum sentence by adding ten years to the statutory maximum for the felony the defendant committed while on release. We hold that it does, and that here, the 138-month sentence was properly imposed.

We have previously found, and continue to find, that the language of § 3147 is clear and unambiguous. *See Di Pasquale*, 864 F.2d at 280 (emphasizing that § 3147's language is plain, and its meaning is clear). Section 3147 increases the maximum sentence allowed by statute for the underlying offense by ten years because it requires the sentencing judge to add a sentence of up to ten years "in addition to the sentence prescribed for the offense." Congress would not have written "in addition to the sentence prescribed" in the statute if it really meant that the § 3147 enhancement should instead be imposed as a portion of the sentence of the underlying crime. Furthermore, by specifying in the statute that the sentence "shall be consecutive to any other sentence of imprisonment," Congress intended for the

7

sentencing court to impose an extra sentence on top of the one imposed for the underlying offense.  The statute contains no qualification or exception where adding up to ten years to the "sentence prescribed" would exceed the statutory maximum for the underlying offense.  It is difficult for us to read this language in any other manner; by its own terms, the provision states that a sentence of up to ten years shall be imposed "in addition to the sentence prescribed" for the underlying felony.

Lewis points to the legislative history as indicating that Congress intended § 3147 to authorize adding up to ten years to a sentence for a felony conviction, as long as the total sentence remains within the statutory maximum for the underlying crime.  We must, however, begin with the statutory language and presume that Congress meant exactly what the language provides.  Where the statute is clear and unambiguous, the judicial inquiry is complete, and we will not consider statutory purpose or legislative history.  *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010); *see also Price v. Del. State Police Fed. Credit Union,* 370 F.3d 362, 368 (3d Cir. 2004) ("We are to begin with the text of a provision and, if its meaning is clear, end there."). Thus, we find no need to examine § 3147's legislative history.[3]

---

[3] Even if we did consider it, we would also find that the legislative history Lewis points to provides little support for his argument.  The Senate Report states that § 3147 "prescribes a penalty in addition to any sentence ordered for the offense for which the defendant was on release."  S. Rep. No. 98-225, at 34 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3217.  This sentence simply confirms what the text of the statute already provides: § 3147 allows an enhanced

8

Lewis next urges that § 3147 does not affect the statutory maximum because it is implemented through the Guidelines in such a way that limits the enhancement to only a portion of the sentence for the underlying offense. He refers to § 3C1.3 of the Guidelines, which provides, "If a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels." The note to § 3C1.3 explains:

> Under 18 U.S.C. 3147, a sentence of imprisonment must be imposed in addition to the sentence for the underlying offense, and the sentence of imprisonment imposed under 18 U.S.C. 3147 must run consecutively to any other sentence of imprisonment. Therefore, the court, in order to comply with the statute, should divide the sentence on the judgment form between the sentence attributable to the underlying offense and the sentence attributable to the enhancement. The court will have to ensure that the "total punishment" (i.e., the

---

sentence, in addition to the sentence the defendant may receive for the underlying offense and for the offense for which the defendant was on pretrial release. Nor does the fact that an amendment to § 3147, which took effect after the Guidelines were promulgated, was intended to "eliminat[e] the mandatory nature of the penalties in favor of utilizing sentencing guidelines" make Lewis' point. *Id*. at 3369. This only indicates that Congress wanted courts to take a more flexible and reasoned approach to sentencing under § 3147 rather than simply applying its statutory maximum.

9

sentence for the offense committed while on release plus the statutory sentencing enhancement under 18 U.S.C. 3147) is in accord with the guideline range for the offense committed while on release, including, as in any other case in which a Chapter Three adjustment applies (see § 1B1.1 (Application Instructions)), the adjustment provided by the enhancement in this section.

U.S.S.G. § 3C1.3 app. n.1. Lewis reads this note to indicate that the § 3147 enhancement can never result in a sentence exceeding the statutory maximum prescribed for the underlying offense. But it says no such thing. The Guidelines' explanation simply instructs the sentencing judge as to how to factor the § 3147 enhancement into her calculation so that she reaches a sentencing determination which is consistent with the Guidelines and accurately reflects compliance with § 3147. The Guidelines make no reference to the statutory maximum sentence or any effect thereon when applying the enhancement. Here, that statutory maximum increased from ten years to twenty years. And the sentence the District Court arrived at, 138 months, is below the combined statutory maximum and is consistent with the Guidelines' recommendation of 140 to 175 months.

Lewis urges us to consider decisions from other courts of appeals which, he contends, have concluded that when § 3147 is applied, the sentence can never exceed the statutory maximum allowed for the underlying crime. However, we view these opinions as either unpersuasive because the language he relies on is dicta, or, actually, supportive of our conclusion.

*United States v. Dison*, 573 F.3d 204, 206 (5th Cir. 2009) clearly involves dicta. There, the defendant pleaded guilty to failure to appear in violation of 18 U.S.C. § 3146, an offense which carries a five-year maximum sentence. At sentencing, the judge applied the § 3147 enhancement pursuant to § 3C1.3 of the Guidelines, and sentenced the defendant to twenty-one months' imprisonment. On appeal, the defendant argued that the § 3147 enhancement should not apply when the underlying crime is failure to appear, "which by definition can only be committed while on release." *Id.* at 207. The only issue before the court was whether, by its terms, § 3147 could apply to a § 3146 conviction. Notwithstanding the fact that the issue of serving a sentence that exceeded the statutory maximum for § 3146 was not before the court, after reaching its conclusion that § 3147 was clear and did apply, the court "continue[d] briefly" and volunteered that "regardless of the fact that § 3147 calls for punishment 'in addition to the sentence prescribed' for the underlying offense, the § 3147 enhancement can never result in a sentence in excess of the statutory maximum prescribed for the offense committed while on release . . . . " *Id.* at 209. This conclusion by the court was clearly dicta and, we believe, was simply incorrect.

In *United States v. Samuel*, 296 F.3d 1169, 1170 (D.C. Cir. 2002), the sole issue before the court was whether failure to have a jury decide if the defendant was on release at the time he committed the underlying crime – the crux of a § 3147 enhancement – ran afoul of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and foreclosed application of § 3147. The court noted that because the defendant never faced a sentence exceeding the statutory maximum for the underlying offense, the jury need not make a finding regarding § 3147.

11

*Samuel*, 296 F.3d at 1175.  By stating what the facts did not present, the court in *Samuel* actually suggested that *if* the defendant *did* face such a sentence, then a jury *would* need to make a finding under § 3147, which is exactly what happened here.  Notably, it did not state that a jury finding would never be required under § 3147 because it could not result in a sentence in excess of the statutory maximum for the underlying offense.

Similarly, Lewis' reliance on *United States v. Randall*, 287 F.3d 27 (1st Cir. 2002), is misplaced.  In *Randall*, the defendant asserted an *Apprendi* violation because whether he committed an offense while on release was not submitted to the jury.  *Id*. at 29.  In rejecting the defendant's claim, the court concluded that an enhancement under § 3C1.3 (and thus, § 3147) need not be submitted to the jury *when there is no risk that the total sentence will exceed the statutory maximum for the underlying crime*.  *Id*. at 30.  In so deciding, the court noted that "§ 3147 requires that a consecutive sentence be imposed – which could raise the maximum sentence by as much as ten years – if a defendant is found to have committed an offense while on pretrial release."  *Id*. at 29.  It also observed that  § 3147 "carried the potential for a ten-year increase" in the maximum sentence.  *Id*.  Thus, *Samuel* and *Randall* actually support the conclusion we reach by recognizing that § 3147 can add ten years to a defendant's statutory maximum sentence.

The court in *United States v. Confredo*, 528 F.3d 143 (2d Cir. 2008), shared this view, as well.  There, the defendant raised an *Apprendi* challenge to the application of § 3147.  In finding no merit to his contention, the court noted that § 3147 exposes a defendant "to a higher maximum, *i.e.*

ten more years, than the highest maximum he could have received on the offense-on-release counts." *Id*. at 155.

In short, in all of the cases discussed above, the facts were such that the defendant never really faced a risk of a sentence which exceeded the statutory maximum for the underlying crime. In this case, Lewis does. Given these circumstances, we conclude that the statutory language of § 3147 is controlling and hold that, according to its plain language, § 3147 can increase the statutory maximum sentence for the underlying felony offense committed while on pretrial release by ten years.

We noted above that the nomenclature – whether a separate crime versus a sentencing enhancement – makes little difference in terms of our interpretation of § 3147. However, one distinction is clear. A jury must decide whether the elements of a separate crime have been proven beyond a reasonable doubt, and the jury did so find here in convicting Lewis of Count Three. With the usual sentencing enhancement that is not the case: the court is free to enhance the sentence without any findings from the jury. However, where the enhancement would result in a sentence that exceeds the statutory maximum for the crime, as here, it is not merely the "usual" enhancement. Instead, as *Apprendi* teaches, when a sentencing enhancement would increase the maximum sentence to which a defendant is to be exposed, it must be submitted to the jury and its elements proven beyond a reasonable doubt. *See Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."). The error in treating § 3147 as an offense, here,

13

turned out to be a wise move from an *Apprendi* standpoint, as the jury found that the elements of § 3147 had been proven beyond a reasonable doubt, thus allowing the judge to impose a sentence that exceeded the statutory maximum sentence for the underlying crime.[4]   Therefore, the District Court committed no error in sentencing Lewis to 138 months' imprisonment.

As we noted above, however, because § 3147 is not a separate offense, but a sentencing enhancement, Lewis' conviction on Count Three was plainly erroneous and cannot stand.  *See Di Pasquale*, 864 F.2d at 280.   Furthermore, Lewis' conviction on Count Three affected his substantial rights.  It is of no matter that the conviction on Count Three did not affect the Guidelines calculation; a separate conviction for a crime that does not exist "has potential adverse collateral consequences that may not be ignored." *Ball v. United States*, 470 U.S. 856, 865 (1985).  Such collateral consequences may include an increased sentence

---

[4] We have previously suggested ways in which the district courts can satisfy the requirements of *Apprendi*.  "Since *Apprendi*, federal and state courts have relied upon jury interrogatories or relied upon a bifurcated trial to establish facts relevant to certain sentencing enhancements under the advisory Guidelines." *United States v. Grier*, 475 F.3d 556, 612 n.58 (3d Cir. 2007).  These methods do not call for the enhancement to be charged in the indictment.  However, as counsel for the government acknowledged at argument in this case, a common method for putting a defendant on notice of his exposure to an enhancement is to note the potential enhancement in the count or counts to which it may apply, here, the underlying crime.

14

under a recidivist statute, additional societal stigma, and, at the very least, an additional $100 special assessment. *See id.*; *see also Tann*, 577 F.3d at 539 (viewing an extra $100 special assessment as an adverse consequence of an unlawful conviction); *United States v. Miller*, 527 F.3d 54, 73-74 (3d Cir. 2008) (same).

Furthermore, the conviction on Count Three "seriously affected the fairness, integrity, or public reputation of judicial proceedings," since, as we concluded in *Tann*, any additional unauthorized conviction and its accompanying special assessment, coupled with potential adverse collateral consequences, seriously calls into question the fairness and integrity of judicial proceedings. *Tann*, 577 F.3d at 543.

We will remand the case to the District Court with instructions to vacate the conviction and the $100 special assessment on Count Three, and to revise the judgment accordingly to reflect two consecutive terms of imprisonment: a term for Count Two and a term pursuant to § 3147. If the District Court concludes that it would sentence Lewis to a different term of imprisonment in light of our holding – namely, that his conviction should have been for one crime rather than two, and that § 3147 should be treated as a sentencing enhancement, not a separate offense – it may do so.[5] If not, his sentence of 138 months' imprisonment shall

---

[5] The conviction on Count Three did not, in and of itself, have an impact on the Guidelines' calculation because the District Court started with the base offense level applicable only to Count Two. Because § 3147 applied, it then added three levels pursuant to § 3C1.3. Thus, the District Court's calculation is consistent with treating § 3147 as an

15

stand.  In all other respects, we will affirm the judgment of the District Court.

enhancement rather than a separate offense.  Nonetheless, if the District Court, in deciding the proper sentence, was impacted by the fact that Lewis was convicted of two counts rather than one, and now wishes to impose a different term of imprisonment, we would permit this on remand.