NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4129
_____

UNITED STATES OF AMERICA

v.

STANLEY RODRIGUEZ,
                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 07-cr-0709-001
(Honorable Jan E. Dubois)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2012

Before:  SCIRICA, GREENAWAY, JR. and NYGAARD, *Circuit Judges*.

(Filed: July 20, 2012)
_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Stanley Rodriguez was convicted of possession with intent to distribute cocaine near a school in violation of 21 U.S.C. § 860(a) and sentenced to 120 months' imprisonment, with sixteen years' supervised release.  We will affirm the judgment of conviction but remand for resentencing.

**I.**

In September 2007, Philadelphia plainclothes police officers on patrol in an unmarked car observed Stanley Rodriguez conversing with the driver of a car stopped in the middle of the street. In plain view, Rodriguez passed a rolled-up bookbag to the driver, who placed two rectangular objects wrapped in green tape into the bag and returned it to Rodriguez. One of the officers identified the objects as kilogram packages of cocaine from their shape and wrapping, and the officers followed Rodriguez. Alerted by a bystander to the presence of the police, Rodriguez fled on foot, throwing the bookbag onto the roof of a nearby garage. The officers apprehended Rodriguez, and then retrieved the bookbag containing the two green-wrapped objects. Laboratory analysis subsequently determined the packages contained two kilograms of cocaine.

Rodriguez was subsequently indicted for alleged violations of 21 U.S.C. §§ 841(a)(1) & 860(a). Prior to trial, the government informed Rodriguez that several officers involved in his arrest had been subject to complaints unrelated to his case investigated by the Philadelphia Police Internal Affairs Division (IAD). The government subsequently informed Rodriguez that most of the investigations involved Officer Norman, whose credibility had been undermined in the course of an investigation and against whom one investigation remained open, but that allegations of improper search had resulted in a finding of departmental violation against Officers Reynolds and Walker and remained open against Officers Betts, O'Malley, and McGrory. Rodriguez filed a motion for in camera review of the internal affairs files concerning the open investigations, which the government opposed, noting in its brief that it did not intend to

call Officer Norman.  The District Court denied the motion, holding the IAD investigation into an alleged improper search was neither material nor exculpatory as required under *Brady*.  *United States v. Rodriguez*, No. 07-709-01, 2008 WL 4925010 (E.D. Pa. Nov. 17, 2008).

Rodriguez was subsequently convicted on both counts after a jury trial in which Officers Betts, O'Malley, and Reynolds testified.  He was sentenced to 120 months' imprisonment with sixteen years' supervised release for violation of 21 U.S.C. § 860(a).  Rodriguez did not object to the sentence.  He timely appealed.[1]

## II.

## A.

*Brady v. Maryland*, 373 U.S. 83 (1963), requires prosecutors to disclose material exculpatory evidence to the defendant to comply with the constitutional guarantee of procedural due process.  Rodriguez alleges the government's failure to disclose material from the pending IAD investigations violated *Brady*.  Relatedly, he argues the District Court abused its discretion when it denied his motion for review in camera.  Because a *Brady* claim presents questions of law and fact, we review conclusions of law de novo and findings of fact for clear error.  *United States v. Bansal*, 663 F.3d 634, 670 (3d Cir. 2011).  We review the denial of a motion for in camera review for abuse of discretion.  *United States v. Bocra*, 623 F.2d 281, 286 (3d Cir. 1980).  Abuse of discretion occurs when the district court's "decision rests upon a clearly erroneous finding of fact, an errant

---

[1] The District Court exercised jurisdiction under 18 U.S.C. § 3231.  We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

conclusion of law or an improper application of law to fact." *Sharp v. Johnson*, 669 F.3d 144, 158 n.19 (3d Cir. 2012) (internal quotation marks omitted) (quoting *Oddi v. Ford Motor Co.*, 234 F.3d 136, 146 (3d Cir. 2000)).

A *Brady* violation occurs when the defendant demonstrates "that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." *United States v. Walker*, 657 F.3d 160, 185 (3d Cir. 2011) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 252 (3d Cir. 2004)). "[E]vidence is material only if there is reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). In camera review of possible *Brady* material is warranted when the defendant makes a "plausible showing," based on more than "[m]ere speculation," that the inspection will reveal material evidence favorable to the defendant. *Riley v. Taylor*, 277 F.3d 261, 301 (3d Cir. 2001) (en banc).

Because Officer Norman did not testify, the only possibly relevant investigations were the open investigation against Officers Betts and O'Malley for an alleged improper search, and the finding of a departmental violation against Officer Reynolds for an improper search. Even if we assume that this evidence was favorable to the defendant, we cannot conclude that it was material. Five officers testified at Rodriguez's trial and presented very similar accounts; two of them had no IAD involvement at all despite lengthy service on the police force. Moreover, any allegations of improper searches were

4

too remote from the facts of this case to significantly undermine the officers' credibility: their testimony related solely their observations of Rodriguez's actions on a public street in broad daylight and subsequent events. In these circumstances, there is little probability, let alone a reasonable one, that disclosure would have resulted in a different outcome.

Because the evidence at issue was not material, Rodriguez has not established a *Brady* violation. By the same token, the mere existence of the IAD investigations, without more, does not amount to a "plausible showing" that in camera review would reveal favorable and material evidence. The District Court accordingly did not abuse its discretion when it denied Rodriguez's motion for in camera review.

**B.**

We review the sentencing decisions of the district courts for procedural and substantive unreasonableness. We first consider whether the sentencing court committed "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Gall*, 552 U.S. 38, 51 (2007). If the decision is procedurally unreasonable, we remand for resentencing; otherwise, we affirm the decision unless it is substantively unreasonable such that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)

5

(en banc).  Although we ordinarily review sentencing decisions for abuse of discretion, because Rodriguez failed to object to his sentence before the District Court, we review for plain error.  *United States v. Lewis*, 660 F.3d 189, 192 (3d Cir. 2011).  Plain error occurs when there is "(1) an error; (2) that is plain; (3) which affects substantial rights; and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Saferstein*, 673 F.3d 237, 241 (3d Cir. 2012) (quoting *United States v. Cesare*, 581 F.3d 206, 209 (3d Cir. 2009)) (internal quotation marks omitted).

Here, both parties agree the District Court inadvertently miscalculated the mandatory minimum term of supervised release.  The Court adopted the mandatory minimum of sixteen years listed in the Presentence Investigation Report, to which neither party had objected.  But the correct mandatory minimum term of supervised release under 21 U.S.C. § 860 would appear to be eight years.  Both parties conclude that this mistake amounts to plain error and warrants remand for resentencing.  We agree, and will remand for resentencing on the term of supervised release.

### III.

For the foregoing reasons, we will affirm the judgment of conviction and remand for resentencing.

6