NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 14-4667

———————

UNITED STATES OF AMERICA

v.

JOSEPH TOWNSEND,
                                        Appellant

———————

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-13-cr-00625-001)
District Judge: Honorable Stewart Dalzell

———————

Argued on November 3, 2015
Before: McKEE, *Chief Judge*, JORDAN, and VANASKIE, *Circuit Judges*

(Opinion filed: May 16, 2016)


Keith M. Donoghue, Esq.   (Argued)
Federal Community Defender Office for the Eastern District of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
                    Counsel for Appellant


Emily McKillip, Esq.,       (Argued)
Robert A. Zauzmer, Esq.
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
                    Counsel for Appellee

_____

OPINION[*]
_____

McKEE, *Chief Judge*.

Joseph Townsend appeals from the district court's denial of his motion to suppress child pornography[1] obtained during a search of his computer and related storage media that was conducted pursuant to a search warrant. He challenges only the execution of the warrant. He also argues that the sentences that were imposed on two of the five counts of conviction exceed the statutory maximum. For the following reasons, we will affirm in part and vacate in part.[2]

**I.**

Because we are writing only for the parties who are familiar with the underlying facts, we need not elaborate the factual or procedural history of this case here.

We "review[] the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise[] plenary review of the District Court's application of the law to those facts."[3] Because Townsend did not object to the sentences imposed, we review them for plain error.[4]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] *See* 18 U.S.C. §§ 2251(a), (e); 2252(a)(2); 2252(a)(4)(B).

[2] We have jurisdiction under 28 U.S.C. § 1291.

[3] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

[4] *See United States v. Vazquez*, 271 F.3d 93, 99 (3d Cir. 2001) (en banc).

The discretion of officers conducting electronic searches is subject to the Fourth Amendment's general protections against unreasonable searches and seizures.[5] "[A] seizure lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests protected by the Fourth Amendment's prohibition on 'unreasonable seizures.'"[6] The defendant bears the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure.[7]

Townsend relies in large part upon the decision of the United States Court of Appeals for the Tenth Circuit in *United States v. Burgess*[8] in arguing that the agents here should have used the "hashing" function of the forensic software they employed to search his computer rather than the "gallery view" function. A "hash" is an image or video file's unique digital signature, and hashing is a common way to detect known images of child pornography. The "gallery view" limits what the agent can see to image and video files, displaying them as thumbnails.

However, the record in this case does not allow us to conclude that the search of Townsend's digital storage devices was inconsistent with the concerns expressed in *Burgess*. As an initial matter, the *Burgess* court did not disapprove an agent's use of the gallery view to preview computer files during a search.[9] Moreover, in *United States v.*

---

[5] *Dalia v. United States*, 441 U.S. 238, 257 (1979).
[6] *United States v. Stabile*, 633 F.3d 219 (3d Cir. 2011) (quoting *United States v. Jacobsen*, 466 U.S. 109, 124 (1984)).
[7] *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978).
[8] 576 F.3d 1078 (10th Cir. 2009).
[9] *See id.* at 1093-95.

*Stabile,* we concluded that searches of computer drives are circumscribed by objective reasonableness rather than formulaic search protocol.[10] Here, the search warrant explicitly references images of children engaged in sexually explicit conduct. In addition, the agent who conducted the search, Agent Munjone, explained that he used the EnCase forensic software in a manner reasonably calculated to disclose files related to child pornography while minimizing the likelihood of unreasonably viewing files containing personal information that did not fall within the scope of the warrant.[11] Moreover, by using the gallery view, the agent was able to limit his search to images only, automatically screening out text files and PDFs.[12] Accordingly, the district court did not err in denying Townsend's motion to suppress the evidence uncovered during the onsite preview of Townsend's electronic data storage devices.[13]

Townsend next argues that the three weeks Agent Munjone spent "looking and poking around" his electronic devices was an impermissible general search because the agent made no effort to avoid looking in certain types of files, such as text files,[14] and

---

[10] 633 F.3d at 239.

[11] App. at 108-09.

[12] In any case, the scope of the warrant -- which Townsend does not contest -- encompassed not only "[i]mages of child pornography ... or child erotica *in any format*, but also stories and *text-based files* regarding the sexual exploitation of children and records, documents or other materials" related to the sexual exploitation of minors ... App. at 31 (emphasis added). Thus, in this case the search clearly did not exceed the scope of the warrant.

[13] Although much of the court's discussion in *Burgess* was addressed to the reasonableness of off-site electronic files, we believe that the underlying concerns are equally helpful in determining the reasonableness of the search of Townsend's computer files at his residence.

[14] Appellant's Br. at 10, 34-35.

that unrestricted searches eviscerate the Fourth Amendment protections in the digital age.[15]

In *Stabile*, we explained why it is simply not practical to restrict searches of computer files to on-site searches.[16]  Here, Agent Munjone explained the necessity for taking Townsend's computer and drives to a location where they could be properly examined.  As we have already noted, he also explained that a search protocol was employed that was reasonably calculated to uncover suspect files while minimizing the likelihood of opening personal files unrelated to the investigation into Townsend's possession and distribution of child pornography.[17]  Townsend's argument to the contrary asks us to ignore the fact that he sent images of child pornography with innocuous or nonsensical file names, and the onsite preview of his storage devices disclosed compressed files containing child pornography that had innocuous file names and titles.

Thus, although we agree with Townsend's argument that "[f]acially innocuous material may only be searched to the extent required by the circumstances of the

---

[15] Appellant's Br. at 5.

[16] *Stabile,* 633 F.3d at 234 (internal citations omitted).  *See also United States v. Upham*, 168 F.3d 532, 535 (1st Cir. 1999) (the "narrowest definable search and seizure reasonably likely to obtain" the evidence described in a warrant is, in most instances, "the seizure and subsequent off-premises search of the computer and all available disks"); *United States v. Hay*, 231 F.3d 630, 637 (9th Cir. 2000) (seizure of entire computer reasonable because affidavit "justified taking the entire system off site because of the time, expertise, and controlled environment required for a proper analysis"); *United States v. Grimmett*, 439 F.3d 1263, 1269 (10th Cir. 2006) ("we have adopted a somewhat forgiving stance when faced with a 'particularity' challenge to a warrant authorizing the seizure of computers").

[17] *See United States v. Schesso*, 730 F.3d 1040, 1046 (9th Cir. 2013).

case[,]'"[18] this record establishes that the examination of Townsend's electronic data was proper.[19] The district court therefore correctly denied Townsend's motion to suppress evidence arising from the three-week review of his electronic data storage devices.

Finally, we turn to Townsend's appeal of the sentence imposed on two of the counts of conviction. Although he did not object when the sentence was imposed, a sentence that exceeds the statutory maximum is an illegal sentence and its imposition obviously constitutes plain error.[20] Here, Counts one through three charged production of child pornography in violation of 18 U.S.C. § 2251(a), which carries a maximum sentence of 360 months.[21] Count four was distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), which carries a maximum sentence of 240 months if the defendant has no previous convictions for certain offenses.[22] Townsend has no prior criminal history. Count five charged possession of child pornography depicting minors of unspecified age, in violation of 18 U.S.C. § 2252(a)(4)(B), for which the statutory maximum is 120 months.[23]

However, the district sentenced Townsend to 262 months imprisonment on each of the five counts, to run concurrently. This sentence clearly exceeds the statutory maximum for counts four and five. However, since the sentence of 262 month

---

[18] Appellant's Br. at 31.

[19] In fact, the circumstances here are very similar to the circumstances that supported an almost identical search of computer files in *Schesso.* *See* supra at n.16.

[20] *United States v. Lewis,* 660 F.3d 189, 192 (3d Cir. 2011).

[21] 18 U.S.C. § 2251(e)

[22] 18 U.S.C. § 2252(b)(1).

[23] 18 U.S.C. § 2252(b)(2).

imprisonment is within the statutory maximum for the remaining counts, Townsend's total sentence does not change.

## IV.

For the foregoing reasons, we will affirm the district court's judgment in part, vacate it in part, and remand to allow the district court to enter a judgment of sentence consistent with this opinion.