**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2638
_____

UNITED STATES OF AMERICA

v.

RAHEEM SLONE,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-16-cr-00400)
District Judge:  Honorable Mark A. Kearney

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 29, 2018

Before:  CHAGARES, JORDAN, and VANASKIE, Circuit Judges.

(Filed:  December 13, 2018)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Appellant Raheem Slone appeals his 180-month sentence, arguing that the District Court plainly erred in applying the Armed Career Criminal Act ("ACCA"). For the following reasons, we will affirm.

I.

Slone pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under ACCA, anyone who violates § 922(g) and also has three prior convictions for a "serious drug offense" must receive a fifteen-year minimum sentence. 18 U.S.C. § 924(e). Slone had three prior convictions under 35 Pa. Cons. Stat. § 780-113(a)(30), and the District Court, finding that those were serious drug offenses under ACCA, applied ACCA's mandatory minimum. Slone now timely appeals, arguing that his prior state convictions were not serious drug offenses under ACCA.

II.[1]

Because Slone failed to preserve at sentencing the argument he now advances on appeal, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Lewis, 660 F.3d 189, 192 (3d Cir. 2011).

III.

A "serious drug offense" under ACCA includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten

_____

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and the District Court had jurisdiction under 18 U.S.C. § 3231.

2

years or more is prescribed by law."  18 U.S.C. § 924(e)(2)(A)(ii).  To determine whether prior state offenses are serious drug offenses under ACCA, we generally apply the "categorical approach."  United States v. Henderson, 841 F.3d 623, 627 (3d Cir. 2016). That approach requires us to "focus solely on whether the elements of the crime of conviction sufficiently match the elements" of the generic crime defined by ACCA. Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).  The analysis, however, becomes slightly more complicated when the state statute has "alternative elements," that is, "multiple, alternative versions of the crime."  Descamps v. United States, 570 U.S. 254, 262 (2013).  When dealing with such a "divisible" statute, we apply the "modified categorical approach," under which "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249.  Then the court "compare[s] that crime, as the categorical approach commands, with the relevant generic offense."  Id.

Slone's three prior offenses were all under 35 Pa. Cons. Stat. § 780-113(a)(30), which generally prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance."  35 Pa. Cons. Stat. § 780-113(a)(30). We have held that § 780-113(a)(30) is divisible, and thus subject to the modified categorical approach, because it prescribes different penalties depending on the controlled substance involved.  See United States v. Abbott, 748 F.3d 154, 159 (3d Cir. 2014).  The District Court applied the modified categorical approach to § 780-113(a)(30) and found that Slone's three prior convictions — which involved possession with intent

3

to deliver cocaine, heroin, and oxycodone — were serious drug offenses under ACCA. That was not error, plain or otherwise. We have already held that convictions under § 780-113(a)(30) for possession with intent to deliver cocaine and possession with intent to deliver heroin are "serious drug offenses" under ACCA. See Henderson, 841 F.3d at 632; Abbott, 748 F.3d at 160. The offense involving oxycodone is no different, as that drug is also a controlled substance under federal law, see 21 U.S.C. § 802(6), and the offense carries a maximum sentence of more than ten years under Pennsylvania law, see Pa. Cons. Stat. § 780-113(f)(1).

Slone's sole argument on appeal is that § 780-113(a)(30) sweeps more broadly than the generic "serious drug offense" because the state law covers "delivery" of the controlled substance while ACCA uses the word "distributing." But those two words, as they are used here, mean the same thing.[2] Moreover, Slone's argument is foreclosed by our holdings in Abbott and Henderson, which necessarily imply that, aside from the drug involved, the elements of § 780-113(a)(30) categorically match those of the generic "serious drug offense" under ACCA. See Henderson, 841 F.3d at 632; Abbott, 748 F.3d at 159–60; see also United States v. Glass, 904 F.3d 319, 323 (3d Cir. 2018) ("We have

---

[2] For ACCA, "[t]he term 'distribute' means to deliver (other than by administering or dispensing) a controlled substance or a listed chemical," 21 U.S.C. § 802(11), and "'deliver' . . . mean[s] the actual, constructive, or attempted transfer of a controlled substance or a listed chemical, whether or not there exists an agency relationship," id. § 802(8). Similarly, Pennsylvania defines "delivery" here as "the actual, constructive, or attempted transfer from one person to another of a controlled substance, other drug, device or cosmetic whether or not there is an agency relationship." 35 Pa. Cons. Stat. § 780-102(b).

already held that conviction under § 780-113(a)(30) for cocaine-based offenses is not overbroad in the context of the ACCA's definition of 'serious drug offense.'").

Slone is incorrect that Pennsylvania courts have construed "deliver" in § 780-113(a)(30) more broadly than courts have construed "distribute" in ACCA. Contrary to Slone's contentions, both § 780-113(a)(30) and its federal analogue apply to the free sharing of controlled substances. Compare Commonwealth v. Metzger, 372 A.2d 20, 22 (Pa. Super. Ct. 1977) ("Under the present Act it is no longer necessary to establish that an exchange of money took place or some other arrangement of barter transpired."), with United States v. Cormier, 468 F.3d 63, 70 n.3 (1st Cir. 2006) ("It is well accepted that drugs may be distributed by giving them away for free; 21 U.S.C. § 841(a)(1) imposes no requirement that a sale take place."). And while Slone claims that § 780-113(a)(30), unlike the federal generic offense, applies to those who solicit another to provide drugs, he cites no case applying § 780-113(a)(30) to solicitation. The cases Slone does cite only hold that such defendants can be held liable as accomplices, not as the principal violators of § 780-113(a)(30). See Commonwealth v. Murphy, 844 A.2d 1228, 1234 (Pa. 2004); Commonwealth v. Donahue, 630 A.2d 1238, 1244 (Pa. Super. Ct. 1993). Moreover, the cases that Slone relies on do not support the view that mere solicitations to provide drugs would result in prosecution. For example, in Donahue, a statement by the defendant soliciting an associate to provide marijuana to him was held to support criminal liability for possession because of the prior relationship between the defendant and the associate. That relationship led to the reasonable inference that the defendant "both encouraged and requested [the associate] to obtain marijuana to sell to him" and made it

5

"reasonably clear that [the defendant] intended to promote [the associate] to commit the offense."  630 A.2d at 1243–44.

For the foregoing reasons, we will affirm.