**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3302
_____

UNITED STATES OF AMERICA


v.

BRIAN KEITH ROBINSON,
                                        Appellant
_____


On Appeal from the United States District Court for the
Middle District of Pennsylvania
(No. 4-15-cr-00194-001)
District Judge:  Hon. Christopher C. Conner

Submitted:  January 22, 2019

Before:  CHAGARES, BIBAS, <u>Circuit Judges</u>, and SÁNCHEZ, <u>Chief District Judge</u>[+].

(Filed February 25, 2019)


_____

OPINION[*]
_____

[+] The Honorable Juan Sánchez, Chief United States District Judge for the Eastern District of Pennsylvania, sitting by designation.
[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Brian Keith Robinson appeals his criminal sentence, and in particular, the application of a career-offender enhancement under the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.  Days after Robinson filed his opening brief, we published United States v. Glass, 904 F.3d 319, 324 (3d Cir. 2018), holding that 35 Pa. Const. Stat. § 780-113(a)(30) may serve as a predicate offense to a career-offender enhancement under § 4B1.1.  This decision forecloses his argument, and we will affirm.

I.

Robinson pleaded guilty to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 846.  In the plea agreement and at the plea colloquy, Robinson stipulated that he had at least two prior felony convictions for a controlled substance offense that rendered him a career offender under § 4B1.1(a).[1]  The plea agreement provided that the Guidelines range for imprisonment was 188 to 235 months, and that he waived his right to appeal unless the court imposed a sentence above 188 months.  The court sentenced him to 216 months of imprisonment.  He timely appealed.

II.

---

[1] The Government contends Robinson has waived the argument that he raises here because he stipulated to being a career offender in his plea agreement.  For support, the Government points to United States v. Cianci, 154 F.3d 106, 110 (3d Cir. 1998), which did not allow a defendant to "renege on his [plea] agreement" stipulation that he qualified for a sophisticated means sentencing enhancement.  Because we hold that Robinson was properly categorized as a career offender under the Guidelines, we do not address the effect of his stipulation.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Robinson did not raise his objection to the application of the career-offender enhancement below, so we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Lewis, 660 F.3d 189, 192 (3d Cir. 2011). To demonstrate plain error, Robinson has the burden to prove: "(1) the court erred; (2) the error was 'plain' at the time of appellate consideration; and (3) the error affected substantial rights, usually meaning that the error 'must have affected the outcome of the district court proceedings.'" Gov't of the V.I. v. Rosa, 399 F.3d 283, 293 (3d Cir. 2005) (quoting United States v. Olano, 507 U.S. 725, 734 (1993)). If these requirements are met, "the decision to correct the forfeited error [is] within the discretion of the court of appeals." Id.

### III.

The Sentencing Guidelines provide for an enhancement if the defendant qualifies as a career offender. The Guidelines define a career offender as someone who (1) is at least eighteen years old when the instant offense of conviction was committed, (2) is being sentenced for "a felony that is either a crime of violence or a controlled substance offense;" and (3) "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

Relevant here is whether Robinson's prior felony convictions under § 780-113(a)(30), of which he has at least two, qualify as controlled substance offenses. The Guidelines define a "controlled substance offense" as an offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import,

3

export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). To determine if a state conviction qualifies as a "controlled substance offense" under the Guidelines, we ask if the elements of the state crime are broader than the elements listed in § 4B1.2(b). See Mathis v. United States, 136 S. Ct. 2243, 2251 (2016) ("[A] state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense."). See also Glass, 905 F.3d at 321 (applying Mathis to career offender analysis under § 4B1.1).

Robinson argues on appeal that his prior state convictions for drug distribution and possession under § 780-113(a)(30) are broader than the Guidelines' definition of "controlled substance offense." U.S.S.G. § 4B1.2. Section 780-113(a)(30) criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance . . . ." Robinson contends § 780-113(a)(30) is broader because it criminalizes offers to sell, while the Guidelines' definition does not.

This argument is foreclosed by our decision in Glass. We held in Glass that § 780-113(a)(30) does not criminalize offers to sell controlled substances, that § 780-113(a)(30) is not broader than the Guidelines' definition of a controlled substance offense, and that § 780-113(a)(30) "may serve as a predicate offense to a career-offender enhancement under § 4B1.1." Glass, 904 F.3d at 322, 324. Robinson's attempt to distinguish Glass — by arguing § 780-113(a)(30) still "sweeps more broadly" because it covers solicitation and sharing of drugs — is unavailing. Reply Br. 1, 7. Robinson

points to <u>Commonwealth v. Murphy</u>, 844 A.2d 1228 (Pa. 2004) and <u>Commonwealth v. Donahue</u>, 630 A.2d 1238 (Pa. Super. Ct. 1993) for the proposition that a person may be convicted under § 780-113(a)(30) for soliciting another to provide drugs. But these cases merely hold that the defendants could be convicted as accomplices, not principals. <u>See</u> <u>Murphy</u>, 844 A.2d at 1234; <u>Donahue</u>, 630 A.2d at 1244.

Our decision in <u>Glass</u> is clear and squarely answers the issue in this case: "§ 780-113(a)(30) is not broader than the Guidelines' definition of a 'controlled substance offense.'" <u>Glass</u>, 904 F.3d at 323. Accordingly, because Robinson has at least two convictions under § 780-113(a)(30), the District Court properly applied the career offender sentencing enhancement.

## IV.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.